IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DAVIS TATE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-052 |
| | ) | |
| MR. FINGER, Medical Supervisor; | ) | |
| MS. FNU ROBERTSON, Nurse; | ) | |
| MR. STAN SHERPERD, Warden, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which untimely objections have been filed. (Doc. no. 6.) Plaintiff set forth objections to the R&R in a document that is dated March 17, 2014, was mailed March 20, 2014, and was received and filed by the Clerk of Court on March 21, 2014. (Doc. no. 18, pp. 1, 3, 4.) Under Houston v. Lack, 487 U.S. 266, 276 (1988), Plaintiff's objections are deemed filed on the date of execution and delivery to prison officials for mailing. Here, the dates on the document and the envelope indicate that Plaintiff's objections were unquestionably filed subsequent to the deadline for objecting to the R&R, which expired on March 14, 2014. (Doc. no. 4.) Because Plaintiff's objections are untimely, they need not be considered. See State Contracting & Eng'g Corp. v. Condotte Am., Inc., 368 F. Supp. 2d 1296, 1300 (S.D. Fla. 2005).

In any event, these untimely objections would provide no reason to depart from the R&R. The objections are largely unresponsive to the Magistrate Judge's analysis concerning Plaintiff's three strikes under 28 U.S.C. § 1915(g) or the dishonesty about his

filing history. (See doc. no. 6.) Plaintiff does assert that he does not have three strikes and states the he is a first offender, but his sentencing under the First Offender Act, even if true, has no bearing on his civil filing history or the Magistrate Judge's finding that he has three strikes under § 1915(g) or that he failed to disclose his prior filing history. (See id. at 1; doc. no. 3.)

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's request to proceed *in forma pauperis* is **DENIED**, and this action is **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO ORDERED this 3rd day of April, 2014, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

2